ST. JOSEPH BREWING COMPANY, Plaintiff, v.
JOHN R. HAUSER, Sr., Defendant; In re At-
tachment for Contempt of John R. Hauser, Jr.,
Appellant.

Kansas City Court of Appeals, November 21, 1910.

1. INJUNCTION: Contempt. Where a party has been enjoined
from removing certain buildings from certain lands, at the
suit of one claiming ownership in the buildings, or an interest
in them, he cannot justify a disobedience of such injunction,
in a proceeding for contempt of court, by showing permission
to remove from a third party who may have been the true
owner of the lands upon which the buildings stood.

2. ———: ———: Procedure.  A party duly enjoined by a court
of competent jurisdiction from removing buildings, cannot for
himself determine the rights of the opposing party by getting
permission to remove from a third party claiming to own the
buildings.  He should have brought into court, by proper pro-
cedure, whatever right he claimed had accrued to him since the
injunction was granted, and sought relief from the writ at the
hands of the court.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mossman,* Judge.

*Chas. C. Crow* for appellant.

*Eugene Silverman* for respondent.

ELLISON, J.—The respondent was adjudged guilty of contempt of the Buchanan county circuit court and adjudged to pay a fine of one cent. He thereupon appealed to this court.

It appears that one Phillip Kirschner was the owner of certain real estate and that he leased it to respondent's father for a term of years. This lease was assigned by Kirschner to the St. Joseph Brewing Company, which company thereby became the landlord and respondent's father the tenant. It also appears that respondent's father erected certain frame buildings on the premises which were of such character as could be removed. It further appears that the father became in arrears for several months rent and had begun to remove said buildings and was threatening to remove all of them. Whereupon the Brewing company filed a bill for injunction in the circuit court alleging that such buildings were its property and its security for rent as stipulated in the lease, and praying that respondent's father and his servants, agents and all others, be enjoined and restrained from removing the buildings. This respondent was aware of these proceedings and was in court taking part for his father. After the trial of the injunction the bill was found to be true and respondent's father and his agents, servants and others, were perpetually enjoined from removing the buildings. It further appears that notwithstanding the injunction, respondent proceeded to disobey its commands and began the removal of the buildings. Upon being duly and properly informed of this, the court cited him for contempt, and on trial ad-

judged him guilty and fined him one cent, as already stated.

Respondent's defense was that the lease had expired and that he received permission from Kirschner, the owner of the land, to remove the buildings. He claimed that by reason of the expiration of the lease the buildings became the property of Kirschner and he had sufficient title and right to give him permission to remove them.

We cannot allow such defense to prevail. There was an adjudication by a court of competent jurisdiction, that the buildings were the property of the Brewing company and were security for rent due to it and that they should not be removed. This was binding upon respondent's father, his agents, servants, and all having notice thereof, which included respondent.

If any right to the buildings became vested in Kirschner, through forfeiture by reason of expiration of the lease, or otherwise, whereby it was claimed he could grant permission for the removal of the buildings to any of those who had been ordered by the court not to remove them, it was a matter which should have been brought to the attention of the court by proper procedure and relief obtained from the order. As the case stands, this respondent has taken the law into his own hands and presumed to pass upon the Brewing Company's rights and the authority of the court. To permit such course would be to invite confusion and disorder in the administration of the law. The judgment is affirmed. All concur.